IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-CR-00362-GKF |
| VERNON JENEDIA NEEL, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Transcript Redaction Request [Doc. 103; Doc. 104] of plaintiff the United States of America. The United States requests that the court redact the first and last name of the alleged victim in this case, as well as a Rule 404(b) witness for the prosecution, and refer to them only by their initials in transcripts of proceedings held in this matter on March 3, 2022. The government also asks that court to redact the alleged victim's address, which is the location of the alleged crimes. Defendant Vernon Jenedia Neel opposes the request. [Doc. 108].

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)); *see also United States v. Cushing*, 10 F. 4th 1055, 1082 n.6 (10th Cir. 2021). "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). The party seeking to restrict access bears the burden to demonstrate "some significant interest that outweighs the presumption." *Id.* at 1241.

The government seeks redaction of transcripts of closing arguments in a criminal jury trial. Such proceedings are highly relevant to the judicial process and clearly used to determine Mr. Neel's substantive legal rights. As such, a strong presumption of access attaches.

The court is mindful of the potential concerns that the alleged victim and 404(b) witness may have in this case. Respectfully, however, the government has failed to demonstrate that those concerns outweigh the "strong presumption" of access the court must apply under applicable law. The government offers no authority in support of redaction in its Transcript Redaction Request [Doc. 103; Doc. 104], but does incorporate by reference its Trial Brief. [Doc. 103, p. 1]. In the Trial Brief, the government directs the court to 18 U.S.C. § 3509(d)(3) and 18 U.S.C. § 3771(a)(8). Section 3509(d) applies only to *child* victims. It requires that documents disclosing the name of *child* victims be filed under seal. Neither the alleged victim in this case nor the 404(b) witness are children. Section 3771(a)(8) applies to adult victims but, significantly, does not require that documents disclosing victim or witness identities be filed under seal or otherwise redacted.

The government also directs the court to two cases: *United States v. Englehart*, 22 F. 4th 1197 (10th Cir. 2022) and *United States v. Chapman*, 839 F.32d 1232 (10th Cir. 2016). Neither case is dispositive. *Englehart* relates to child victims. *Chapman* does relate to an adult victim; however, nothing therein requires redaction of the identity of adult victims. In fact, the court has reviewed the Tenth Circuit dockets in that case, as well as the docket for the case at the district court level, and numerous unsealed, public documents include the victim's full name. Thus, *Chapman* does not suggest a significant privacy interest of adult victims and witnesses that outweighs the strong presumption of access that must attach.

Finally, with respect to the request that the court redact the alleged victim's home address, which is also the location of the alleged crimes, as Mr. Neel points out in his response, the government must prove that the offense occurred in Indian Country. [Doc. 108, p. 3]. To that end, prior to trial, the government publicly filed a Motion *in Limine* for Pretrial Determination of Indian Country and Land Status [Doc. 50], which included the full street address. The presumption of public access is not overcome as to the address in the trial transcript.

WHEREFORE, the Transcript Redaction Request [Doc. 103; Doc. 104] of plaintiff the United States of America is denied.

IT IS SO ORDERED this 10th day of March, 2022.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma